IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

**JOHNATHAN DEMAL MORRIS**                                                         **PETITIONER**
**VERSUS**                                      **CIVIL ACTION NO.  3:13CV605 HTW-LRA**
**CAPTAIN SHERRY HEARNS**                                                  **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Johnathan Morris filed a petition for writ of habeas corpus relief on September 25, 2013.  Respondent moves to dismiss the petition pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996.  Alternatively, Respondent argues that the instant petition should be dismissed with prejudice for procedural default, under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  The Court recommends that the motion be granted for the reasons that follow.

Morris pled guilty to two counts of possession of a controlled substance in the Circuit Court of the First Judicial District of Hinds County, Mississippi, and was sentenced on November 7, 2011.  On one Count, he was sentenced to ten years in the custody of the Mississippi Department of Corrections with seven years to serve and three years suspended.  On the other Count, he was sentenced to serve a total of three years.  Morris filed a motion for post-conviction relief on January 9, 2013, which was denied by the trial court on January 28, 2013.[1]  His subsequent appeal was dismissed by the

---

[1] Although Petitioner's post-conviction motion is styled as "Motion for Post-Conviction Collateral Relief–Amended," the record reflects no prior motions for post-conviction relief.  ECF No. 13-2.

Mississippi Supreme Court for failure to pay costs on July 11, 2013, resulting in a procedural default of his claims. On September 25, 2013, Morris filed the instant petition for federal habeas relief. His most recent change of address on the docket indicates that he has since been released.[2]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion

---

[2]ECF No. 13-1–13-4; ECF No. 15.

for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from filing a direct appeal. Miss. Code. Ann. § 99-35-101.[3]  Morris's conviction therefore became final on November 7, 2011, the date he was sentenced by the trial court.  To toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before November 7, 2012.  Because he did not file a motion for post-conviction relief prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from November 7, 2011, to November 7, 2012.  Absent equitable or statutory tolling, his federal habeas petition filed on September 25, 2013 (signed on

---

[3]Miss. Code Ann. § 99-35-101 provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court.  However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

September 16, 2013) is untimely.

Morris's contention that his petition should be considered timely because it was filed within the three-year time period permitted under state law for filing motions for post-conviction relief is without merit.  Any prisoner who anticipates filing a federal habeas corpus petition must initiate his state post-conviction remedies within one year of the completion of his direct appeal in order to toll the AEDPA's statute of limitations. Although a petitioner may still proceed in state court, because he has three years under the Mississippi Post-Conviction Relief Act to file a post-conviction motion, his right to file a federal habeas petition may only be exercised if the AEDPA one-year statute of limitations is met.  *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition).

Morris has also failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations.  *See Holland*, 130 S.Ct. at 2562.  In the absence of any evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice.  Because the Court so finds, it need not reach the issue of procedural default.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States*

*District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 4th day of April 2014.

>  /s/  Linda R. Anderson
> UNITED STATES MAGISTRATE JUDGE